JACKSONWHITE
ATTORNEYS AT LAW
*A Professional Corporation*
40 North Center Street, Suite 200
Mesa, Arizona   85201
Telephone No. (480) 464-1111
Facsimile No. (480) 464-5692
Email centraldocket@jacksonwhitelaw.com
*Attorneys for Plaintiffs*
By:      Jared E. Everton, No. 021070
           jeverton@jacksonwhitelaw.com
           Michael R. Pruitt, No. 011792
           mpruitt@jacksonwhitelaw.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Father and Mother Doe, husband and wife, in their own capacities and as the natural parents and legal guardians on behalf of Jane Doe, a minor child,<br><br>                              Plaintiffs,<br><br>v.<br><br>The Apache Junction Unified School District; James Denton, in his individual and official capacity as principal of Apache Junction High School and Jane Doe Denton his wife; Jonathan Raye Krieger, in his individual and official capacity as a teacher of Apache Junction High School; John Smith I-X; Jane Smith I-X; and Public Entities I-X,<br><br>                              Defendants. | Case No. CV11-01387-PHX-DKD<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |

        Plaintiffs, Father and Mother Doe and their minor child, Jane Doe ("Plaintiffs"),

by and through their counsel undersigned, hereby respond in Opposition to Defendants'

Motion to Dismiss.  Defendants' Motion to Dismiss should be denied as indicated for the

reasons expressed herein.   This Response is supported by the accompanying Memorandum of Points and Authorities.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

### I.    Introduction

Defendants' Motion to Dismiss seeks 1) dismissal of the parents' (i.e., Plaintiffs Father and Mother Doe) state laws claims against Defendant Apache Junction Unified School District (the "District") and Defendant James Denton ("Denton") for failure to comply with the one year statute of limitations provisions of A.R.S. § 12-821; 2) dismissal of all Plaintiffs' state law claims against Defendant Denton for failure to comply with the notice provisions of A.R.S. §12-821.01; and 3) dismissal of "any punitive claim" made by Plaintiffs. As outlined below, the majority of Defendants' Motion to Dismiss lacks merit and should be denied.

### II.    Factual Background

Jane Doe is a minor who attended Apache Junction High School.  *First Amended Complaint*[1] ¶ 19. During the time frame relevant to this lawsuit, Defendant Denton was the principal of Apache Junction High School (the "High School") and an employee of Defendant Apache Junction Unified School District (the "District") acting within the course and scope of his employment. *Id.* ¶¶ 8-9. Defendant Jonathan Raye Krieger ("Krieger") was a teacher at Apache Junction High School and an employee of the District assigned to teach and educate Jane Doe. *Id.* ¶¶ 11-12, 17, 20.  While working as a

---

[1]  Attached to Notice of Removal, Dkt entry 1.

teacher, the District and Defendant Denton had actual knowledge of Krieger's propensity to engage in acts of sexually harassment, sexual discrimination, sexual assault and other wrongful acts involving the female students of the High School, yet failed to take action. *Id.* ¶¶ 48, 50.  Defendant Krieger was arrested for the rape and sexual assault of Jane Doe on February 19, 2010.  *Id.* ¶ 21.  Defendant Krieger eventually pled guilty to three counts of sexual conduct with a minor and two counts of attempted sexual conduct with a minor on August 2, 2010.[2]  See Plea Agreement of Jonathan Raye Krieger (the "Plea Agreement"), p. 1, attached as Exhibit "1."[3]  The State's materials submitted for sentencing of Defendant Krieger included three separate letters indicating that on three occasions prior to his arrest, Krieger was written up and disciplined by the District and Defendant Denton for making improper comments of a sexual nature and other conduct involving minor female students.  See letters dated May 5, 2009, September 28, 2009, and October 8, 2009, from the State's submitted sentencing materials of Jonathan Raye Krieger (hereinafter the "Sentencing Report") attached as Exhibit "2."  Plaintiffs Father and Mother Doe only learned the true nature and full extent of the District and Defendant Denton's previous discipline of Krieger after receiving a copy of the Sentencing Report sometime on or after October 1, 2010.  See Declaration of Father Doe,[4] ¶¶ 2-4, attached as Exhibit "3."  Plaintiffs subsequently filed this action on June 1, 2011. See Defendants'

[2]  As part of the Plea Agreement, thirteen other charges against Krieger were dismissed. Plea Agreement, ¶ 3, p. 2.
[3]  Although the attached Plea Agreement is not fully executed, upon information and belief, this is the agreement entered in the Pinal County Superior Court on August 2, 2010.
[4]  The true names of Father Doe and Jane Doe have been redacted from the declaration attached to this Response in order to protect the privacy and the identity of the minor Jane Doe.

Motion to Dismiss, p.2, ln. 20. On July 25, 2011, as outlined under A.R.S. § 12-821.01, a Notice of Claim[5] for the minor Jane Doe was served consistent with the provisions of the Arizona Rules of Civil Procedure on Defendant Denton through his counsel of record. See Exhibit "4."

### III.    Standard of Review

In ruling on a motion to dismiss, the allegations in the complaint are taken as true and construed in the light most favorable to the plaintiff.  *Stoner v. Santa Clara County Office of Education*, 502 F.3d 1116, 1120 (9th Cir. 2007); *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.,* 416 F.3d 940, 946 (9th Cir. 2005); *Roe v. City of San Diego*, 356 F.3d 1108, 1111-12 (9th Cir. 2004).  Dismissal is only appropriate if the non-moving party can prove no set of facts in support of his claim which would entitle him to relief.  *Roe* at 1112.

### IV.    The Parents' State Law Claims Comply with A.R.S.  § 12-821 and are not Time Barred

Under Arizona law "all actions against any public entity or public employee shall be brought within one year *after the cause of action accrues* and not afterward." [Emphasis added.] *A.R.S 12 § 821*. "[A] cause of action accrues when the damaged party realizes he or she has been damaged and *knows or reasonably should know the cause*, source, act, event, instrumentality or condition which caused or contributed to the damage. [Emphasis added.] *A.R.S 12 § 821*.01(B).

---

[5]  Plaintiffs had previously served a timely notice of claim on the District.

"[A] cause of action does not accrue until the plaintiff knows or with reasonable diligence should know the facts underlying the cause [of action.]" *Thompson v. Pima County,* 226 Ariz. 42, 243 P.3d 1024, 1028 (Ariz. App. Div. 2, 2010) (quoting *Doe v. Roe*, 191 Ariz. 313, 955 P.2d 951, 960 (1998)). The Arizona Supreme Court has held that "it is not enough that a plaintiff comprehends a 'what'; there must also be reason to connect the 'what' to a particular 'who' in such a way that a reasonable person would be on notice to investigate whether the injury might result from fault." *Walk v. Ring,* 202 Ariz. 310, 316, 44 P.3d 990, 996 (2002). See also *Dube v. Likens*, 216 Ariz. 406, 167 P.3d 93, (Ariz. App. Div 2, 2007) (holding that because a post-graduate student had no reason to believe a university official had previously made allegedly defamatory statements to others, the student's cause of action for defamation only accrued when the student discovered three allegedly defamatory letters during the discovery process in a related action).

The issue of when discovery occurs and sufficient facts are known for a cause of action to accrue is a question of fact "usually and necessarily" for a jury to decide. *Walk v. Ring,* 202 Ariz. 310, 44 P.3d 990 (2002); *Thompson* v. *Pima County,* 226 Ariz. 42, 243 P.3d 1024, 1028 (Ariz. App. Div. 2, 2010); *Dube v. Likens*, 216 Ariz. 406, 412, 167 P.3d 93, 99 (Ariz. App. Div. 2, 2007); See also *Long v. City of Glendale,* 208 Ariz. 319, 93 P.3d 519 (Ariz. App. Div. 1, 2004) (holding that when the cause of action accrued was an issue of fact for the jury to decide and therefore dismissal was precluded as a matter of law).

Defendants apparently argue in their Motion to Dismiss that the parents' state law claims against the District and Defendant Denton accrued with the arrest of Krieger on February 19, 2010. Plaintiffs deny this and argue that such a finding would be unreasonable. The Defendants do not allege that the parents had any knowledge or even a reasonable suspicion that the District and Defendant Denton had knowledge that Krieger had a propensity for engaging in illegal sexual activities with female students and/or that multiple disciplinary actions had previously been taken against Krieger. The Defendants offer no discussion or rationale for how the arrest of a teacher would reasonably lead the parents to conclude that the actions of the District and Defendant Denton, that were unknown at that time, caused or contributed to the damage they suffered.

The facts and allegations in the First Amended Complaint outline a different scenario. Father and Mother Doe first learned that they had suffered damage when Krieger was arrested for the rape and sexual assault of their daughter on February 19, 2010.  This is the 'what' discussed in *Walk*.

At that time it was unknown to the parents that, as alleged in the First Amended Complaint, the District and Defendant Denton had knowledge of Krieger's propensity to engage in illegal sexual activities involving female students, yet failed to take action. Given that such allegations must be taken as true for purposes of disposing of Defendants' Motion to Dismiss, it is only logical to infer that had the District and Defendant Denton taken proper action against Krieger, Jane Doe would not have been

6

raped and sexually assaulted and the parents would not have suffered damages at the hands of the District and Defendant Denton.

It was only after the October 1, 2010, Presentence Hearing and Sentence of Imprisonment and Probation that the parents were provided with copies of the State's sentencing materials and learned that the District and Defendant Denton had disciplined and written up Krieger on three different occasions for making improper comments of a sexual nature and other conduct involving female students but had failed to take effective action to stop or deter Krieger.  This is where, as discussed in *Walk*, the 'what' becomes reasonably connected to the 'who' responsible for the parents' damage and it is then, and only then, that the state law causes of action accrue.  Up until that time, the parents did not know that the District and Defendant Denton were guilty of the negligent and unreasonable actions alleged in the First Amended Complaint.

Accordingly, the one year statute of limitations period for the parents' state law claims only began running on or after October 1, 2010.  Therefore, when the parents brought this action on June 1, 2011, they were within the one year statute of limitations period of A.R.S. § 12-821 and the parents' state law claims are not time barred. In addition, the accrual date of the parents' state law claims are an issue of fact for the jury to decide precluding dismissal of such claims based on the Defendants' Motion to Dismiss.

For the reasons outlined above, the Court should deny that portion of Defendants' Motion to Dismiss that requests that the parents' state law claims against the District and Defendant Denton be dismissed for failure to comply with A.R.S. § 12-821.

**V.     The Minor Jane Doe and Her Notice of Claim to Defendant Denton**

**a)     The Tolling of Limitations Periods for Minors such as Jane Doe**

Arizona law specifies a tolling of all statute of limitations and other limitation of action deadlines for minors until they reach their eighteenth birthday.

> If a person entitled to bring an action other than those set forth in article 2 of this chapter [i.e., Real Actions] is at the time the cause of action accrues either under eighteen years of age or of unsound mind, the period of such disability shall not be deemed a portion of the period limited for commencement of the action. Such person shall have the same time after removal of the disability which is allowed to others. *A.R.S. § 12-502.*

The minority tolling statute, A.R.S. § 12-502, applies to all actions and claims of minors. *Porter v. Triad of Arizona (L.P.),* 203 Ariz. 230, 233, 52 P.3d 799, 802, (Ariz. App. Div. 1, 2002). "We [i.e., the Arizona Court of Appeals, Division 1] hold that § 12-502 is designed to apply to all claims that are owned by a minor." *Porter* at 234.

Arizona law also envisions a tolling of the 180 day limitation period after accrual for filing a notice of claim against a public entity or public employee while a claimant is a minor.

> D. [...] a minor or an insane or incompetent person may file a claim within one hundred eighty days after the disability ceases. *A.R.S. § 12-821.01(D).*

8

Therefore, given that Jane Doe is a minor, the limitation period for her to file her notice of claim related to her state law claims against Defendant Denton in accordance with A.R.S. § 12-821.01 has not expired.

### b)   Notice of Claim is Analogous to a Statute of Limitations and not a Jurisdictional Hurdle for Filing an Action

The Arizona Supreme Court has examined the statutory notice requirements for claims against public entities and held that they go to a "Plaintiff's right to recover rather than to the power of the court to grant relief" and that therefore "filing a timely claim is not a jurisdictional prerequisite to bringing suit, but is a requirement more analogous to a statute of limitations." *Pritchard v. State,* 163 Ariz. 427, 430, 788 P.2d 1178, 1181 (1990).

While *Pritchard* dealt with a previous version of Arizona's notice of claim statute, in a case involving the current notice requirements outlined in A.R.S. § 12-821.01, the Arizona Court of Appeals, Division 1 could not identify "any compelling argument why the logic of our supreme court's holding in *Pritchard* should not apply equally to the current version of the statute." *Lee v. State,* 225 Ariz. 576, 579, 242 P.3d 175, 178 (Ariz. App. Div. 1, 2010). The Appeals Court went on to state it "concluded that noncompliance with notice of claim requirements is […] similar to the accrual of statutes of limitations[.]" *Lee* at 579, ¶ 13.

c)       **Jane Doe and her Notice of Claim to Defendant Denton**

Defendants, in their Motion to Dismiss, argue that because Jane Doe had not filed a Notice of Claim with Defendant Denton, her state law claims against Denton are barred and should be dismissed pursuant to A.R.S. § 12-821.01(A). As outlined previously, as of July 25, 2011, Jane Doe has served a Notice of Claim on Defendant Denton through his counsel of record in accordance with Ariz. R. Civ. Proc 4.1(c).

Given that Jane Doe is a minor, that the statutory notice of claim requirements are analogous to a statue of limitations, that her statute of limitations period for filing a notice of claim with Defendant Denton has not yet expired, and the fact that she has now filed a timely notice of claim with Defendant Denton, Plaintiffs argue that Jane Doe has now complied with A.R.S. § 12-821.01 and her state law claims against Defendant Denton should proceed as part of the present action.  Therefore, Defendants' request that Jane Doe's state law claims against Defendant Denton be dismissed for failure to file a notice of claim has been rendered moot and should be denied by this Court.

In the alternative, should this Court rule that Jane Doe's state law claims against Defendant Denton are currently barred under A.R.S. § 12-821.01, Plaintiffs ask that the Court dismiss those claims, and only those claims, without prejudice and allow her to re-file those claims pursuant to her timely notice of claim of July 25, 2011.  Plaintiffs would argue that for the reasons previously outlined, such a dismissal is unnecessary and would constitute an inefficient use of the Court's resources as the limitation period for Jane Doe to file a notice of claim against Defendant Denton is currently tolled due to her minority

and she has now filed a valid notice of claim against Defendant Denton under A.R.S. § 12-821.01 and *Lee*.

Defendants' Motion to Dismiss also requests that the parents' state law claims against Defendant Denton be dismissed for failure to timely serve a Notice of Claim on Defendant Denton.[6] Plaintiffs are willing and prepared to stipulate that the parents' state law claims against Defendant Denton, and only those claims, are time barred under A.R.S. § 12-821.01 and have proposed such a stipulation to Defendants.

## VI.     Defendant Denton is Liable for Punitive Damages

The U.S. Supreme Court has held that punitive damages may be assessed against the individual actors in an action under § 1983 when their conduct involves "reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 50, 103 S.Ct. 1625 (1983).

Plaintiffs have alleged that the District and Defendant Denton are liable for punitive damages related to the negligence claim brought as Count III of the First Amended Complaint. The First Amended Complaint does not allege that any of the remaining state law claims allow for collection of punitive damages.

Plaintiffs further alleged that Defendant Denton was liable for punitive damages for violations of 42 U.S.C. § 1983 in Count II of the First Amended Complaint. The First Amended Complaint never alleged that the District was liable for punitive damages under

---

[6] Notice to public entity employer does not cover public employees who are entitled to individual notice. *Johnson v. Superior Court in and for County of Pima,* 158 Ariz. 507, 763 P.2d 1382 (Ariz. App. Div 2, 1988).

either federal claim, i.e., 42 U.S.C. § 1983 (Count II) or Title IX of the Educational Amendments of 1982, 20 U.S.C. § 1681 et seq. (Count I).

Defendants in their Motion to Dismiss requested that the Court "dismiss any punitive damage claim[.]" See Motion to Dismiss, p. 3, ln. 22. In the First Amended Complaint, Plaintiffs have alleged that the actions of Defendant Denton exhibited a "reckless indifference or callous disregard of the Plaintiffs' legally recognized and constitutionally protected rights." See First Amended Complaint ¶ 56. Such allegations must be taken as true for purposes of disposing of Defendants' Motion to Dismiss. Therefore, given that such allegations are found in the First Amended Complaint and that punitive damages are available against Defendant Denton under § 1983, the Court should deny that portion of Defendants' Motion to Dismiss that requests that the § 1983 punitive damage claim against Defendant Denton be dismissed.

Plaintiffs are willing and prepared to stipulate that under A.R.S. § 12-820.04, punitive damages are not available against the District or Defendant Denton for the Plaintiffs' state law claim for negligence, and only in regards to the state law negligence claim, and have proposed such a stipulation to Defendants.

**V.    Conclusion**

For the reasons stated and outlined herein, the Plaintiffs respectfully request that the Court:

1) Deny Defendants' request that the state law claims of Father and Mother Doe against the District and Defendant Denton be dismissed for failure to comply with the provisions of A.R.S. § 12-821;

2) Deny Defendants' request that the state law claims of Jane Doe against Defendant Denton be dismissed for failure to comply with the notice of claim provisions of A.R.S. § 12-821.01. Or in the alternative, should the Court rule that Jane Doe has not complied with the statutory notice of claim requirements as to her state law claims against Defendant Denton, Plaintiffs request that the Court dismiss the state law claims of Jane Doe against Defendant Denton, and only Defendant Denton, without prejudice and allow her to re-file such claims in accordance with the provisions of A.R.S. § 12-821.01; and

3) Deny Defendants' request that the punitive damage claim against Defendant Denton under 42 U.S.C. § 1983 be dismissed.

**RESPECTFULLY SUBMITTED** this 1st day of August, 2011.

**JACKSON WHITE, P.C.**

By  /s/ Jared E. Everton
     Jared E. Everton
     Michael R. Pruitt
     40 N. Center Street, Suite 200
     Mesa, Arizona 85201
     Attorneys for Plaintiffs

### Certificate of Service

I hereby certify that I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following if CM/ECF registrants, and mailed a copy of same to any non-registrants this 1st day of August, 2011:

Matthew W. Wright and David K. Pauole
**HOLM WRIGHT HYDE & HAYS PLC**
10429 S. 51st Street, Suite 285
Phoenix, Arizona 85044
mwright@holmwright.com
dpauole@holmwright.com
Attorneys for Defendants Apache Junction
Unified School District and James Denton

By: /s/ Gregory Fairbanks

14